IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BLACK + GOLD CORPORATION,

                    Plaintiff,

          v.                                                OPINION and ORDER

SOLOMON ACQUISITIONS, LLC fka                              22-cv-310-jdp
THREADFELLOWS, LLC,

                    Defendant.

---

In this copyright infringement case, plaintiff Black + Gold Corporation, a social media and photography marketing agency, alleges that defendant Solomon Acquisitions, LLC, an online clothing retailer, displayed a Black + Gold photograph on its website without permission. Solomon did not file a response to Black + Gold's complaint, and the clerk entered default against Solomon on July 1, 2022. Dkt. 8. Solomon now moves to set aside the entry of default, Dkt. 15, and to extend the deadline for filing an answer, Dkt. 17. For the reasons that follow, the court will grant Solomon's motions, set aside the default, and accept Solomon's untimely answer.

ANALYSIS

A court may vacate the entry of default for good cause. Fed. R. Civ. P. 55(c). A party seeking to vacate an entry of default prior to the entry of final judgment must show three things: (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Yong-Qian Sun v. Bd. of Trs*., 473 F.3d 799, 810 (7th Cir. 2007). The court must apply this standard liberally, as the Seventh Circuit favors trial on the merits over default

judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Whether to vacate entry of default is committed to the court's discretion. *Yong-Qian Sun*, 473 F.3d at 810.

## A.  Good cause for default

Jake Solomon, Solomon Acquisition's CEO, states in a declaration that he did not respond to Black + Gold's lawsuit because he had already removed Black + Gold's photograph from Solomon's website a year before the suit was filed.[1] Dkt. 15. In June 2021, Black + Gold sent an email to Solomon's customer care address stating that Solomon was displaying one of Black + Gold's photographs without permission. *Id.* at ¶ 8. Solomon promptly removed the photograph. Jake thought that he did not need to take any action in response to Black + Gold's June 2022 complaint or the clerk's entry of default because the "controversy related to the [photograph] had been resolved." *Id.* at ¶ 12. It wasn't until Jake received Black + Gold's motion for default judgment, "which lists [Black + Gold's] demand for almost $45,000 in damages," that he realized that a response to the lawsuit was necessary. *Id.* at ¶ 13.

The court concludes that Solomon has shown good cause for its default. A party has good cause for default if it "failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631. Here, Solomon's failure to answer the complaint or respond to the default was grounded in its CEO's mistaken belief that the dispute over the photograph had already been resolved. That belief was not reasonable; the existence of the lawsuit was strong evidence that the matter had not been fully resolved. And it is unreasonable to believe, as a general matter, that a party may ignore a lawsuit if he has satisfied himself that the claims are moot. But nothing suggests that Solomon held his mistaken belief in bad faith.

---

[1] For clarity, the court will refer to Jake Solomon by his first name.

In *Cracco*, the court of appeals concluded that a defendant showed good cause for its default because the summons and complaint were received by "employees who did not understand their significance." 559 F.3d at 629. And in *Mayek v. Gundersen Boscobel Area Hosp.*, No. 19-cv-811-jdp, 2021 WL 4948045, at *2 (W.D. Wis. Oct. 25, 2021), this court concluded that an unrepresented defendant had good cause for her default because she assumed that she didn't need to do anything further after signing a waiver of service. Solomon's failure to respond to the complaint was due to a similar misunderstanding. Given the lenient standards that govern the application of Rule 55(c), the court concludes that Solomon has shown good cause for its default in this case.

## B.  Quick action

Whether a defendant took quick action to correct its default depends on the circumstances of the defaulted defendant. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). The court may consider whether the plaintiff suffered prejudice as a result of the defendant's delay in responding to the notice of default. *See Sims*, 475 F.3d at 868; *Strabala v. Zhang*, 318 F.R.D. 81, 91 (N.D. Ill. 2016).

Here, Solomon filed its motion to vacate on September 12, 2022, about two-and-a-half months after it received notice of the default on July 1. The court concludes that, under the circumstances of this case, Solomon took quick action to vacate the default. Solomon's delay was due to its CEOs failure to understand the significance of the notice of default. Solomon moved to vacate entry of default within two weeks of when it received Black + Gold's motion for default judgment, when its CEO realized that a response to the suit was necessary.

More important is that Black + Gold did not suffer prejudice from the delay. The delay did not harm Black + Gold's case or affect Black + Gold's ability to prosecute it going forward.

In *Sims*, the Seventh Circuit upheld a district court's decision to vacate entry of default in part because the five-month delay between when the defendant had notice of the default and defendant's motion to vacate "caused no prejudice" to the plaintiff. 475 F.3d at 868; *see Sims v. EGA Prods.*, No. 2:02-CV-187 PS, 2004 WL 5550489 (providing detailed timeline). And other district courts in this circuit have concluded that similar delays may constitute quick action if there is no prejudice to the plaintiff. *See Delange v. Vision Drywall, LLC*, No. 2:07-CV-228-PPS-APR, 2010 WL 3893962, at *2 (N.D. Ind. Sep. 30, 2010) (two months) *Dunn v. GJI, Inc.*, No. 1:16-cv-03276-RLY-MJD, 2017 U.S. Dist. LEXIS 122521, at *9 (S.D. Ind. June 28, 2017) (three months). So the court concludes that Solomon has met this second element.

## C. Meritorious defense

A meritorious defense requires "more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (internal citations omitted). This court has concluded that it is sufficient for a defendant to plead plausible affirmative defenses in its proposed answer. *Mayek*, 2021 WL 4948045, at *2. Here, Solomon asserts that it had an actual or implied license to use the photograph because it was given to them by one of their clothing vendors, Rhone, for use in advertising. Black + Gold contends that this defense will fail because Rhone did not have the authority to license the photograph, although it doesn't support that assertion with evidence. In any case, whether Solomon actually had a license is a factual issue that cannot be resolved at this stage in the litigation. Solomon's defense is plausible, so it has made its showing on this third element.

CONCLUSION

In light of this circuit's preference for resolving cases on their merits, the court concludes that Solomon has met its burden to show that good cause exists to vacate the entry of default. The court will set aside the default and accept Solomon's untimely answer. Black + Gold's motion for default judgment will be denied as moot.

ORDER

IT IS ORDERED that:

1. Defendant Solomon Acquisition's motion to set aside the court's entry of default, Dkt. 15, is GRANTED.

2. Solomon's motion for leave to file a late answer, Dkt. 17, is GRANTED. The court accepts Solomon's untimely answer, Dkt. 14.

3. Plaintiff Black + Gold's motion for default judgment, Dkt. 9, is DENIED as moot.

Entered November 10, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5